UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: | : Chapter 7 |
| JOSEPH REGENSBURGER III, | : Case No. 20-50868 |
| Debtor. | : March 11, 2021 |

OBJECTION OF GUS CURCIO, SR. TO MOTION FOR RULE 2004 EXAMINATION

On March 3, 2021, creditors Crystal Horrocks, Sugeily Ortiz, Jacqueiine Green, Dina Coviello, Yaritza Reyes, Zuleyma Lopez, Dalynna Seoung and Krayeske Law Offiices ( the "Creditors") moved for permission to examine another creditor, Gus Curcio, Sr. ("Curcio") in relation to this Chapter 7 petition on March 25, 2021.  (Doc. No 45.)  Curcio respectfully objects.

As the Creditors allege in Paragraph 9 of their motion, "One debt the Debtor seeks to eliminate in this bankruptcy arises from Creditors' judgment in a civil case in the Connecticut Superior Court, *Horrocks et al v. Keepers, Inc., et al*, NNH-CV15-6054684-S.  Debtor was president of Keepers, Inc. in 2014, when Keeper[']s, Inc. gave a $600,000 note and a $125,000 note to Yellow Rose, Inc.  Curcio's [sic] Yellow Rose, Inc. sold those notes to JRB Holdings, Inc. [sic], which obtained a judgment against Keeper[']s, Inc.  Debtor testified he did not know of the $725,000.00 and only Mr. Curcio, Sr. knows what happened with this asset."  (Doc. No. 86.)

The judgment entered in the state court action, Horrocks, et al. v. Keeper's Inc., was the confirmation of an arbitration award.  The arbitration award declared that the Creditors, who were exotic dancers who performed at Keeper's, Inc.'s adult

1

entertainment establishment, Keeper's Gentlemen's Club, in Milford, Connecticut, were employees, not independent contractors, of Keeper's, Inc., and awarded them money damages in the form of unpaid wages and recoupment of "shift fees" which the Creditors had been required to share with the "house", i.e., with Keeper's, Inc., and with Keeper's, Inc.'s DJs.  The award did not expressly find any individual liability on the part of the Debtor to the Creditors.  Since the judgment debt in Horrocks, et al. v. Keeper's Inc. is not a debt owed personally by the Debtor, it is irrelevant to the Debtor's Chapter 7 petition and not properly the subject of a Rule 2004 examination of Curcio in this case.

Moreover, the Creditors have already served post-judgment interrogatories in the Horrocks, et al. v. Keeper's Inc. case to Curcio, and Curcio has answered them, responding to the interrogatory, "Are you in possession of nonexempt personal property belonging to the judgment debtor [Keeper's, Inc.]?" with a categorical "No."

The two promissory notes referred to in Paragraph 9 of the Creditors' motion were the subject of a civil action seeking to collect those unpaid note, captioned JRB Holding Co. LLC v. Keeper's, Inc., Docket No. FBT-CV20-6094399-S, the docket of which the Court may take judicial notice.  The maker of the two notes which are the subject of that civil action was Keeper's, Inc., not the Debtor.  As the complaint in that case alleges, the first note, dated December 31, 2013, was to Side Step, Inc. in the original principal amount of $105,000 (not $125,000).  The second one, dated December 31, 2014, was to Yellow Rose, Inc. in the original principal amount of $600,000.  Both notes were assigned by the creditors to JRB Holding Co, LLC by way of an allonge and assignment dated January 3, 2019.  Keeper's, Inc. defaulted on both

notes, and JRB Holding Co, LLC obtained a judgment against Keeper's, Inc. on those notes, including pre- and post-judgment interest, on November 12, 2020.  The Debtor was neither a maker nor a guarantor of either promissory note and was not a party to the civil action in which JRB Holding Co, LLC sued Keeper's, Inc. and obtained a money judgment.  That debt is not an asset of the bankrupt estate and the efforts to collect the debt by JRB Holding Co, LLC.  Those notes would therefore not be a proper subject of inquiry in a Rule 2004 examination of Curcio.

The Creditors also claim in their motion that "Creditors have a right to determine what happened to Debtor's interest in Keepers, Inc.'s almost $100,000 debt to him [the Debtor] as the principal owner of 500 North Avenue, LLC."  The fallacy of this claim is that the alleged $100,000 debt is not owed to the Debtor and is therefore not an asset of the bankrupt estate.

Finally, the Creditors allege that the Debtor testified at a 341 meeting February 17, 2021 that Curcio owes him $150,000, which debt was listed on the Debtor's third amended statement of financial affairs (Doc. No. 36.)

As the Creditors themselves acknowledge in their motion:

> The party seeking Rule 2004 examinations bears the burden to show good cause for the discovery it seeks .... see also In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd., 258 B.R:580, 587 (Bankr. S.D.N.Y. 2001) (Rule 2004 affords the court "significant discretion.").  "Generally good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." In re Metiom, Inc., 318 B.R. 263, 268 (S.D.N.Y. 2004) (quoting In re Dinubilo, 177 B.R. 932; 943 (E. D Cal. 1993)).  In determining whether good cause exists, bankruptcy courts must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." In re Drexel Burnham Lambert Grp., Inc., 123 B.R. 702,

        712 (Bankr. S.D.N.Y. 1991); see also In re SunEdison, Inc., 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) ("[Rule 2004's] spirit of proportionality is consistent with the historic concerns regarding the burden on the producing party and is relevant to the determination of cause."). While Chapter 7 trustees may properly be examined pursuant to Rule 2004, courts will "'not condone the use of Rule 2004 in a fashion which unduly harasses the [t]rustee or frivolously wastes the assets of the estate." Matter of M4 Enterprises, Inc., 190 B.R. 471, 475 (Bankr. N.D. Ga. 1995).

In re First Connecticut Consulting Group, Inc., Docket No. 02-50852 (JJT), 2017 Bankr. LEXIS 1990, at *3-4 (Bankr. D. Conn. July 19, 2017).

      Accordingly, applying these standards, as the debts about which the Creditors seek to examine Curcio pursuant to Rule 2004 are neither debts owed by the Debtor nor assets of the bankrupt estate, with the sole possible exception of the alleged $150,000 owed personally by Curcio to the Debtor, and since Curcio has already responded to the Creditor's post-judgment interrogatories in Horrocks, et al. v. Keeper's Inc., Curcio respectfully submits that the Creditors have failed to bear their burden of establishing good cause for the discovery they seek. Accordingly, Curcio respectfully submits that his objection to the Creditors' motion for a Rule 2004 examination ought to be sustained, and that the Creditors' motion ought to be denied. If, however, the Court grants the motion, Curcio respectfully submits that the Rule 2004 examination ought to be limited solely to inquiries relating to the alleged $150,000 owed personally by Curcio to the Debtor.

                        GUS CURCIO, SR.

by:   /s/  Jonathan J. Klein
       Jonathan J. Klein (ct00513)
       Parlatore Law Group, LLP
       60 Lyon Terrace
       Bridgeport, Connecticut  06604
       Phone:  (203) 330-1900
       Fax:  (203) 330-1526
       jonathan.klein@parlatorelawgroup.com

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Fed.R.Bankr.P. 2002 and 7004, the undersigned certifies that on March 11, 2021, a copy of the Objection of Gus Curcio, Sr. to Motion for Rule 2004 Examination was filed and served to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

       /s/  Jonathan J. Klein
       Jonathan J. Klein (ct00513)
       Parlatore Law Group, LLP
       60 Lyon Terrace
       Bridgeport, Connecticut  06604
       Phone:  (203) 330-1900
       Fax:  (203) 330-1526
       jonathan.klein@parlatorelawgroup.com