**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No. 20-50868 |
| Joseph D. Regensburger, III | ) | Chapter 7 |
| Debtor | ) | September 7, 2021 |

**DEBTOR'S OBJECTION TO CREDITORS DINA COVIELLO, JACQUELINE GREEN, CRYSTAL HORROCKS, ZULEYMA LOPEZ, SUGEILY ORTIZ, YARITZA REYES, AND DALYANNA SEOUNG'S MOTION FOR RELIEF FROM ORDER**

Debtor hereby respectfully objects to Creditors Dina Coviello, Jacqueline Green, Crystal Horrocks, Zuleyma Lopez, Sugeily Ortiz, Yaritza Reyes, and Dalynna Seoung ("Creditors") Motion for Relief from Order as follows:

1. The Court granted Creditors' Motion for a Rule 2004 examination of the Debtor, ordering that the Creditors may examine the Debtor pursuant to Rule 2004(a) and within the scope of Rule 2004(b).

2. Creditors' Motion seeks relief from the order granting Debtor's examination under Fed. R. Bankr. Pro. 9024 and Fed. R. Civ. Pro 60 in that they seek to have the Court, in its order granting Debtor's 2004 examination, designate Debtor as the designated representative for approximately 13 entities pursuant to Rule 30(b)(6) for purposes of his individual 2004 examination.

3. Creditors do not specify they if they are moving under Fed. R. Civ. Pro 60(a) or 60(b). Among the grounds for relief under Rule 60(a) is correcting "a mistake arising from oversight or omission whenever one is found in [an] . . . order, or other part of the record," which this Court may do on its own or on motion. Id. Rule 60(a), however, does not address changes that would affect a party's substantive rights, as in the current matter before the Court. Black v.

Buffalo Meat Serv., 2017 U.S. Dist. LEXIS 97495, at *12 (W.D.N.Y. June 23, 2017) *citing* Moore's Federal Practice—Civil § 60.11[3] (2017).

4. A grant of relief under Rule 60(b), on the other hand, is "extraordinary judicial relief, [and the rule] is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). The burden of proof is on the party seeking relief from judgment. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). In deciding a Rule 60(b) motion, courts generally "must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality . . . Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing . . . and that no undue hardship be imposed on other parties." Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (internal citations and quotations omitted).

5. Fed. R. Civ. Pro Rule 2004(a) allows the examination of an entity *or* of the Debtor on the matters set forth in Rule 2004(b) *upon order of the Court*. Id (emphasis added). Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing a corporation or other business organization as follows:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Id.

7. As stated by one authority:

The deposition of a Rule 30(b)(6) witness is substantially different from a witness's deposition as an individual…A Rule 30(b)(6) witness is responsible for providing all the relevant information known or reasonably available to the entity, and the witness's answers bind the entity, which is different than an individual

>   testifying about his personal knowledge…*Said another way, a Rule 30(b)(6) deposition is a deposition of an entity, through a representative designated by the entity, not a deposition of the person designated as the representative.*

The Cincinnati Ins. Co. v. Desert State Life Mgmt., 2020 U.S. Dist. LEXIS 163307, at *13-14 (D.N.M. Sep. 8, 2020) (internal citations omitted) (emphasis added).

8. In essence, Creditors seek to designate Debtor, in the course of obtaining his personal 2004 examination, as the representative under Rule 30(b)(6) for approximately 13 entities, forcing Debtor to testify and produce documents on their behalf and in effect conducting a 2004 examination of each of those entities despite not requesting and receiving court permission to do so.

9. Creditors cite no authority for such a proposition, and the authority cited above prohibits such a practice, regardless of the time and expense Creditors may have to undergo in conducting separate examinations of the entities in question.

10. In addition to the fact that no authority exists allowing Creditors to proceed in this fashion, same process would also highly prejudice the Debtor, who has already testified that he has little knowledge of the financial and day to day operations of many of the entities at issue, and would need to engage in substantial preparations in order to adequately serve as a designated representative for these entities, if he could ever adequately serve at all. For the same reasons, this also prejudices the entities in question, who are denied the opportunity to choose their own representative.

11. In addition, Creditors' Motion makes clear that one reason they seek to designate Debtor as a representative for these entities is to potentially obtain documents and testimony they could not obtain from Mr. Curcio due to his invocation of the 5th amendment at his 2004 examination.

12.     This is improper, and highlights the distinction between conducting the 2004 examination of an individual and an entity.  Any issues Creditors have with Mr. Curcio's examination, or documents they seek to obtain from the 2004 examination of any entity that may implicate his invocation of the 5th amendment, must be addressed to Mr. Curcio and his counsel, any entities sought to be examined, and this Court, not by attempting to conduct an examination of same entities through an examination of the individual Debtor.

13.     Accordingly, Creditors do not have grounds to seek relief from the Court's order, and their Motion must fail.

**WHEREFORE**, Debtor hereby objects to the Creditors' Motion for Relief from Order.

**DEBTOR**

BY:     \_\_\_\_\_/s/ Scott M. Charmoy_____
          Scott M. Charmoy, Esq.    CT15889
          Charmoy & Charmoy
          1465 Post Road East, Suite 100
          Westport, CT  06880
          (203) 255-8100
          scottcharmoy@charmoy.com