UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---

In re

**JOSEPH D. REGENSBURGER, III,**

Debtor.

Chapter 7

Case No. 20-50868 (JAM)

---

### UNITED STATES TRUSTEE'S MOTION TO FURTHER EXTEND THE TIME TO FILE A MOTION UNDER 11 U.S.C. § 707(b)(3) AND TO FURTHER EXTEND THE TIME TO FILE A COMPLAINT UNDER 11 U.S.C. § 727 OBJECTING TO DEBTOR'S DISCHARGE

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), respectfully moves for this Court to further extend for ninety (90) days, up to and including April 18, 2022, the time during which the United States Trustee, the Chapter 7 Trustee, and creditors Dina Coviello, Jacqueline Green, Cystal Horrocks, Kenneth James Krayeske, Krayeske Law Offices, Zuleyma Lopez, Sugeily Ortiz, Yaritza Reyes, and Dalynna Seoung (collectively "Creditors") may file: (a) motion to dismiss pursuant to 11 U.S.C. § 707(b)(3) and/or (b) a complaint objecting to the debtor's discharge pursuant to 11 U.S.C. § 727. In support of this motion, the United States Trustee states as follows:

*Factual Background*

1. On October 12, 2020, Joseph D. Regensburger, III ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. ECF 1. Scott Charmoy, Esq. ("Counsel") filed the Debtor's petition. *Id.* at Signature of Attorney.

2. Richard M. Coan, Esq. was appointed as the chapter 7 trustee (the "Chapter 7 Trustee").

1

3. The first meeting of creditors (the "341 Meeting") was scheduled for November 18, 2020. ECF 7. Due to the Debtor's inability to attend, the 341 Meeting was rescheduled to December 2, 2020. ECF 14.

4. On November 18, 2020, the Debtor filed an amended Statement of Financial Affairs. ECF 15.

5. On December 2, 2020, the 341 Meeting was held. Due to the need for the Debtor to file amended Schedules and a further amended Statement of Financial Affairs, the 341 Meeting was continued to December 16, 2020. ECF 17.

6. On December 15, 2020, the Debtor filed amended Schedules AB and a further amended Statement of Financial Affairs. ECF 21.

7. On December 16, 2020, a continued 341 Meeting was held. Due to the need for the Debtor to file further amended Schedules and a further amended Statement of Financial Affairs, the 341 Meeting was continued to February 3, 2021. ECF 22. The 341 Meeting was later continued to June 16, 2021. ECF 52. The 341 Meeting was subsequently continued to September 15, 2021 (ECF 64), but was not held and continued to November 3, 2021. ECF 103.

8. On February 5, 2021, the Debtor filed an amended Schedules AB and C and an amended Statement of Financial Affairs. ECF 36.

9. On February 16, 2021, the Debtor filed an amended means test. ECF 37.

10. On March 3, 2021, the Creditors filed a motion to examine Gus Curcio, Sr. pursuant to Rule 2004 ("Curcio Rule 2004 Motion"). ECF 45. Based on the testimony of the Debtor at his 341 meetings, the Debtor has relied on information from Mr. Curcio to prepare his bankruptcy documents and Mr. Curcio is knowledgeable about the Debtor's assets and financial affairs. Mr. Curcio objected to the Curcio Rule 2004 Motion. ECF 47.

11. On March 30, 2021, the Court held a hearing on the Curcio Rule 2004 Motion.

12. On April 21, 2021, the Court granted the Curcio Rule 2004 Motion. ECF 60.

13. Despite their efforts, the Creditors were not able to schedule the examination of Mr. Curcio until August 2021. Upon information and belief, Mr. Curcio has testified but in a limited manner because he repeatedly asserted his 5th Amendment rights.

14. Additionally, in mid-June 2021, the Creditors requested that the Debtor agree to be examined pursuant to Rule 2004. On July 22, 2021, having been unable to get the Debtor's agreement, the Creditors filed a motion to examine the Debtor, and the Debtor moved for an extension time to respond. ECF 73, 76.

15. On August 13, 2021, the Court granted the Creditors' motion for a Rule 2004 exam of the Debtor ("Debtor 2004 Exam Order"). ECF 84. On August 19, 2021, the Creditors filed a motion seeking clarification of the Debtor 2004 Exam Order and the Debtor objected to same. ECF 89, 101. The Court held a hearing on that motion on September 14, 2021 and denied the motion.

16. On August 18, 2021, Attorney Charmoy filed a motion to withdraw as counsel to the Debtor. ECF 87. The Court granted that motion, over the Debtor's objection, after a hearing held on September 14, 2021. ECF 106 and 107.

17. As of now, the Debtor is self-represented.

18. Counsel for the Creditors conducted a Rule 2004 examination of the Debtor on November 11, 2021. The examination was not concluded due to the Debtor's late arrival and request to end the examination early. To the knowledge of the undersigned, a continued date for the examination has not yet been set.

19. In late November 2021, the Court approved the Creditors' motions for Rule 2004 examinations of Citizens Bank and Kent Wahlberg, the accountant to multiple entities affiliated

with the Debtor. Citizens Bank recently produced documents and the examination of Mr. Wahlberg has not yet been scheduled due to Mr. Wahlberg's recent retention of counsel.

20.     Records produced by Citizens Bank regarding various entities connected to the Debtor and/or Mr. Curcio show multiple checks made out to cash that appear to have been negotiated and cashed by the Debtor. These checks total well in excess of $100,000.00 and were cashed within the one-year period prior to the Debor's chapter 7 filing. None of this cash was disclosed on the Debtor's bankruptcy documents or during the various 341 meetings. These checks and the use of the cash need to be explained by the Debtor.

21.     Lastly, the Court has not yet decided the Creditors' motions for Rule 2004 examinations of Attorney Klein and Attorney Bellis.   These motions are scheduled for a continued hearing on January 11, 2022.

*Relief Requested*

22.     On his behalf, as well as on behalf of the Chapter 7 Trustee and the Creditors, the United States Trustee seeks an extension to April 18, 2022 of the deadline to file a motion to dismiss pursuant to 11 U.S.C. § 707(b)(3) and/or file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §727. This extension is necessary because the additional time is needed to obtain information and understand the Debtor's financial affairs, complete the Rule 2004 examination of Mr. Curcio, complete the Rule 2004 examination of the Debtor, to hold the Rule 2004 examination of Mr. Wahlberg, and to conduct further investigation. This extension will allow time for review and investigation of the Debtor's financial affairs and time for the United States Trustee, the Chapter 7 Trustee and/or the Creditors to file a motion to dismiss pursuant to 11 U.S.C. § 707(b) and/or file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §727.

23. The original deadline to file a motion to dismiss pursuant to 11 U.S.C. § 707(b)(3) and/or file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §727 was January 19, 2021. By order dated January 15, 2021, the United States Trustee and the Chapter 7 Trustee obtained an extension of time to April 19, 2021. ECF 27. By order dated January 20, 2021, the Creditors also obtained an extension of time to April 19, 2021. ECF 31. By order dated April 15, 2021, the Court granted an extension to July 19, 2021 to the United States Trustee, the Chapter 7 Trustee and the Creditors. ECF 58. By order dated August 11, 2021, the Court granted an extension, over the Debtor's objection, to October 18, 2021 to the United States Trustee, the Chapter 7 Trustee and the Creditors. ECF 83. By order dated October 26, 2021, the Court granted an extension, over the Debtor's objection, to January 17, 2022 to the United States Trustee, the Chapter 7 Trustee and the Creditors. ECF 116. As such, this motion is timely made.

24. Pursuant to Local District Court Rule 7(b), the undersigned contacted the Debtor via email on January 3, 2022 to ascertain his position on an extension. The Debtor has not yet responded, but it is anticipated that the Debtor will not consent to the relief requested.

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an order (1) extending until April 18, 2022 the time within which the United States Trustee, the Chapter 7 Trustee, and the Creditors may file a motion to dismiss pursuant to 11 U.S.C.

§ 707(b)(3), and/or file a complaint pursuant to 11 U.S.C. § 727; and (2) granting such other relief as this Court deems equitable under the circumstances.

Dated: New Haven, Connecticut
      January 10, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Holley L. Claiborn
      Holley L. Claiborn
      Trial Attorney
      Office of the United States Trustee
      Giaimo Federal Building, Room 302
      150 Court Street
      New Haven, CT 06510
      Holley.L.Claiborn@usdoj.gov
      (203) 773-2210
      Federal Bar No.: ct17216 (Connecticut)

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re<br><br>**JOSEPH D. REGENSBURGER, III,**<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 20-50868 (JAM)** |

**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO FURTHER EXTEND THE TIME TO FILE A MOTION UNDER 11 U.S.C. § 707(b)(3) AND TO FURTHER EXTEND THE TIME TO FILE A COMPLAINT UNDER 11 U.S.C. § 727 <u>OBJECTING TO DEBTOR'S DISCHARGE</u>**

The United States Trustee having filed a motion to extend the time to file a motion to dismiss pursuant to 11 U.S.C. § 707(b)(3) and to extend the time to file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727, and it appearing that the relief in the Motion should be granted, it is hereby

**ORDERED** that the time for the United States Trustee, the Chapter 7 Trustee and creditors Dina Coviello, Jacqueline Green, Cystal Horrocks, Kenneth James Krayeske, Krayeske Law Offices, Zuleyma Lopez, Sugeily Ortiz, Yaritza Reyes, and Dalynna Seoung to file a motion pursuant to 11 U.S.C. § 707(b)(3) or to file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727 of the Bankruptcy Code is extended to **April 18, 2022.**