## UNITED STATES BANKRUPTCY COURT
### _DISTRICT OF CONNECTICUT_

_____
                                          :
IN RE                                     :        CHAPTER 7
                                          :
JOSEPH REGENSBURGER III                   :        CASE NO. 20-50868
                 Debtor                   :
                                          :        SEPTEMBER 2, 2022
_____:

## MOTION FOR ORDER TO SHOW CAUSE WHY GUS CURCIO AND CHERYL SCHEDE AND ATTORNEY MARK KRATTER SHOULD NOT BE HELD IN CONTEMPTS AND SUFFER SANCTIONS

Pursuant to Fed. R. Bankr. P. 2004(a) and L. Bankr. R. 2004-1, Attorney Kenneth J. Krayeske on behalf of creditors Crystal Horrocks, Sugeily Ortiz, Jacqueline Green, Dina Coviello, Yaritza Reyes, Zuleyma Lopez, Dalynna Seoung and Krayeske Law Offices (the "Creditors"), hereby move for this Court to issue an order to show cause why Creditor Gus Curcio and witness Cheryl Schede and Attorney Mark Kratter should not be held in contempt of Court for failure to follow this Court's order in producing documents pursuant to the order granting a Rule 2004 examination of Cheryl Schede. (ECF #203).

In support thereof, the Creditors represent:

### BACKGROUND

1.  On October 12, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.  The statutory predicate for the relief requested herein are Fed. R. Bankr. P. 2004 and

9016.

**RELIEF REQUESTED**

4. Accordingly, the Creditors believe that an order to show cause is appropriate.

**BASIS FOR RELIEF REQUESTED**

5. Pursuant to Rule 2004, Creditors moved for an examination of Gus Curcio's bookkeeper Cheryl Schede (ECF 190, 5/24/2022) and for production of documents (ECF 190-3)[1]. Over her objection (ECF 194), this Court granted Creditors an examination of Ms. Schede (ECF 203, 6/21/2022).

6. These RFPs contained multiple requests for different types of documents concerning the following 18 companies:

> A.  Pawn Pro, Inc.
> B. Auto Sales and Service, Inc.
> C. EJB Corporate Services, LLC
> D. Long Brook Station, LLC
> E.  G.A.M.K. Holdings, Inc.
> F. Side Step, Inc.
> G. Pleasant Moments Café, Inc.
> H. Sunrise Athletic Club, Inc.
> I. Rapture, Inc.
> J. Connecticut Entertainment Business Association, Inc.
> K. 500 North Avenue, LLC
> L. Regensburger Enterprises, LLC
> M. Comlink, Inc.
> N. Keepers, Inc.
> O. Majestic Management, LLC
> P. Millennium Group Management, LLC

---

[1] A scrivener's error in the drafting of the requests for production misnumbered the requests and while the document says 12, there are no RFPs 8 or 9, skipping from 7 to 10, so there are actually 10 requests.

       Q. Main Street Business Management, LLC
       R. 95 Dover Street, LLC

7. Ms. Schede obtained counsel (who filed an appearance June 29, 2022, see ECF 209). Undersigned and Attorney Kratter negotiated a date of August 1, 2022 for production of documents and of August 23, 2022 for the actual examination. (See ECF 216).

8. Attorney Kratter produced a box of documents for August 1, 2022 which contained responses to a variety of requests for production, but not all requested documents.

9. Attorney Kratter promised undersigned and Creditors would receive all documents which they were entitled to. This still has not happened. Documents and digital files remain outstanding and have not been produced.

10. On August 16, 2022, Attorney Kratter emailed undersigned's office and explained further records were available. Undersigned's paralegal responded and inquired how to get delivery. Attorney Kratter's office never responded. Undersigned's paralegal called and was told Attorney Kratter's office was too busy to respond and she wrote such in an email on August 17, 2022 asking for production. On August 22, 2022, still not having the production, undersigned wrote an email to Attorney Kratter. A true and correct copy of this email exchange is attached as Exhibit 1.

11. A true and correct copy of the complete transcript of the Rule 2004 of Ms. Schede is attached as Exhibit 2 herein.

12. On the day of the Rule 2004 exam August 23, 2022, undersigned walked Ms. Schede through every request for production. She testified she gave documents to Attorney Kratter the week prior to the exam. Ex. 2, 79:5-19; 86:14-16. These were never delivered to undersigned.

13. The exam has been continued because Attorney Kratter had to leave at 1 pm and because production was incomplete. No date has been set for the resumption of the Rule 2004 of Ms. Schede, in part because this motion is being filed.

14. In that transcript, Attorney Kratter performatively asked his secretary whether she complied and then told undersigned to check his email. Ex. 2, 104:1-14; 105:3-18.

15. Mr. Curcio told her she was going to be subpoenaed before she received the subpoena. Ex. 2, 56:11-21. Ms. Schede asked Mr. Curcio for provide her with counsel. Id., 56:22-57:4.

16. Ms. Schede explained that Mr. Curcio gave her the money to hire counsel. Ex. 2, 57:5-7. The $3,100 in cash likely came from Red Rose, Inc. or Majestic Management, LLC. Id., 58:12 – 59:13.

17. During the examination, it became clear that the following RFPs had outstanding production, specifically:

    a. RFP#5, the complete QuickBooks digital files for the 18 entities at issue.

    b. RFP #6K, #6O, #6P and #6Q, Balance Sheets from January 1, 2010 through the present for 500 North Avenue, LLC; Majestic Management, LLC;

Millenium Group Management, LLC and Main Street Business Management, LLC.

18. Ms. Schede said she had to ask Mr. Curcio permission for the documents in this Rule 2004 exam and that Mr. Curcio had tight control on what she produced. Ex. 2, 60:20 – 61:3.

19. As to RFP #5, Ms. Schede, in the banker's box, produced a handwritten document that says "Stick – no cash holding on stick." A true and correct copy of this document is attached herein as Exhibit 3.

20. Ms. Schede testified the note was written by Gus Curcio. See Ex. 2, 75:2-3. Ms. Schede postulated that the note was produced in error, (Ex. 2, 76:1-4), but that she did ask Mr. Curcio for the stick, or digital drive, for the QuickBooks files on the 18 companies. She testified: "I had asked him if I could print out balance sheets and P&Ls and the other information that you wanted. He said, 'Not at this time.' I asked him this morning, and he said, 'Not at this time.'" Ex. 2, 76:8-14.

21. Ms. Schede testified that she understood what subpoenas and court orders were, (Id., 76:15-19) but she said "But those files are not my files to make copies of, and that's how I feel, that I just can't go in there and make copies of something that does not belong to me." Id., 76:19-22.

22. She further testified that she asked Mr. Curcio for permission to print production like the Pawn Pro, Inc. balance sheets in response to RFP #6. Id., 78:14 – 79:4.

23. Ms. Schede did not discuss this subpoena with Mr. Regensburger, and she did not

ask Mr. Regensburger for permission to produce these documents because "I would

ask Gus." Ex. 2, 79:23 – 80:8. She further acknowledged that Mr. Regensburger was

a signer for companies. Id., 80:9-10.[2]

24. Undersigned asked Ms. Schede when Mr. Curcio planned on producing the digital

QuickBooks files, and she replied:

> "I think the piece that's holding him up is the Majestic Management
> Company digital records, because there's so much information in that
> company that's not related to anything in the checkbook. So that's, I
> think, why he's hesitating. The other ones I'm pretty much sure that he
> will agree to give you digital records for. I think it's just the management
> company, but I will speak to him when I go back there today, and that's
> all I can do." Ex. 2, 97:11-19.

25. As to RFP #6K, #6O, #6P and #6Q, Ms. Schede testified that she produced them to

her attorney a week before the Rule 2004 Exam. Ex. 2, 79:5-19. Attorney Kratter put

on the record that these documents were emailed or mailed to undersigned, but

they have not been received by this office. See Ex. 2, 104:1-9. Attorney Kratter

promised production if undersigned's people called his people. Ex. 2, 105:6-18. At

---

[2] Ms. Schede demonstrated an acute awareness of the arrangement Mr. Curcio has with people
to be his signatories. Ex. 2, P46:8-25. Ms. Schede knew that Gus Curcio owns Keepers, Inc., but
that Julia Kish and Joe Regensburger are or have been signatories for that company because of
Mr. Curcio's felonious past. Ex. 2, 49:2 – 51:2. Conn. Gen. Stat. §30-47 provides the Connecticut
Department of Consumer Protection with the discretion to deny liquor permits to people with
felony convictions, among a host of other reasons. This very much feels like Mr. Regensburger
is a shell company of Mr. Curcio, and again, Mr. Curcio is pulling the strings of people in his
orbit to deny Creditors information about Mr. Regensburger's financial condition.

this point in this process, where a subpoena and a court order are in full force, undersigned should not have to call for documents that the witness delivered to her counsel a week before the Rule 2004 examination.

26. Ms. Schede's testimony further undermined the credibility of Gus Curcio, as the representative of Majestic Management LLC who testified on behalf of Side Step, Inc. in the March 2, 2022 Rule 2004 exam in this case. See ECF 222-12. Undersigned has sent an email to Attorney Bellis, the counsel for Side Step, Inc., in this situation, seeking production of records that still remain outstanding. But undersigned lacks any confidence the matters will be resolved in good faith. For example, Mr. Curcio testified that he asked Ms. Schede to search for documents related to Side Step, Inc.'s income. ECF 222-12, 35:13-22. Ms. Schede testified that Mr. Curcio never asked her to look for anything for Side Step, Inc. Ex. 2, 77:25-78:3.

27. Ms. Schede, Mr. Curcio and Attorney Kratter have violated this Court's order for production of digital files and paper documents.


**The Court Should Issue an Order to Show Cause Why Contempt Should Not Issue**

28. Pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. Rule 9016 and Fed. R. Civ. P. 45(b) and 45(g), this Court has the power to issue an order to show cause and to hold witnesses and creditors in contempt for willful violation of this Court's order.

29. "Under Rule 45(b), a motion to quash a subpoena must be made 'at or before the time specified in the subpoena for compliance therewith . . . .'" *In re Ecam Publications, Inc.*, 131 B.R. 556, 558 (Bankr. S.D.N.Y. 1991).

30. Mr. Curcio had the opportunity to object to the production of these records, as Ms. Schede testified Mr. Curcio told her of the subpoena before she knew about it. Ex. 2, 56:11-21. Mr. Curcio could have objected – he even has two lawyers (Bellis and Klein) on his regular payroll who have appearances here – but Mr. Curcio failed to object to the motion for a Rule 2004 examination of Ms. Schede. He cannot now object to the contents of the subpoena, yet testimony indicates he purposely violated the subpoena to prevent production of vital digital documents. For example, ledger entries in documents about companies on the Debtor's statement of financial affairs (ECF 63) like Auto Sales and Service, Inc. cannot be understood without the digital QuickBooks files. See Ex. 2, 94:19 – 95:5.

31. Failing to follow a Bankruptcy Court's Rule 2004 orders is contemnable. *In re Jones*, Docket No. 21-01695-swd, 2022 Bankr. LEXIS 246 (Bankr. W.D. Mich. Jan. 26, 2022). The United States Bankruptcy Court in this District has no problem issuing contempt orders when appropriate. *Hand Crafted Brands, LLC* v. *Hughes (In re Hughes)*, Docket Nos. 19-31125 (AMN), 21-03003, 2022 Bankr. LEXIS 170 (Bankr. D. Conn. Jan. 25, 2022).

32. As part of this Motion for Order to Show Cause, Creditors Horrocks et al seek an order of restitution for this contempt, including the court reporter's fees for the second round of the 2004 Exam and for the attorneys' fees for drafting this motion for order to show cause and any court appearances that may arise in connection with the prosecution of this motion for order to show cause.

33. The Court, however, may choose to draw the line further against Mr. Curcio, and consider criminal contempt against him.

> Civil contempt has as its aim the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right (*State of New York v. Unique Ideas*, 44 N.Y.2d 345, 405 N.Y.S.2d 656, 376 N.E.2d 1301). Criminal contempt, on the other hand, involves vindication of an offense against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates (*King v. Barnes*, 113 N.Y. 476, 21 N.E. 182). Inasmuch as the objective is deterrence of disobedience of judicial mandates, the penalty imposed is punitive in nature (*State of New York v. Unique Ideas, supra*). Although the line between the two types of contempt may be difficult to draw in a given case, and the same act may be punishable as both a civil and a criminal contempt, the element which serves to elevate a contempt from civil to criminal is the level of willfulness with which the conduct is carried out (compare Judiciary Law, § 753, subd. A, par. 3 [civil contempt], with *id.*, § 750, subd. A, par. 3 [criminal contempt]; see, e.g., *Sentry Armored Courier Corp. v. New York City Off-Track Betting Corp.*, 75 A.D.2d 344, 429 N.Y.S.2d 902). *McCormick v. Axelrod*, 59 N.Y.2d 574, 453 N.E.2d 508, 512, 466 N.Y.S.2d 279 (N.Y.), *amended by*, 454 N.E.2d 1314, 60 N.Y.2d 652, 467 N.Y.S.2d 571 (N.Y. 1983); *accord McCain v. Dinkins*, 84 N.Y.2d 216, 639 N.E.2d 1132, 1137, 616 N.Y.S.2d 335 (N.Y. 1994).

*In re White*, 478 B.R. 177, 181-82 (Bankr. S.D.N.Y. 2012)

34. Ms. Schede's testimony implicated Mr. Curcio as purposefully thwarting the production of documents relative to this subpoena and Rule 2004 exam. Mr. Curcio had strict control over what she produced, as she considered it his property, and not something she was in custody and control of. Ex. 2, 76:8-14. On the morning of the Rule 2004 exam, she testified asked Mr. Curcio for the stick containing the digital files, and she testified he said to her "Not at this time." Ex. 2, 76:8-14.  Mr. Curcio has now ensnared Ms. Schede in his willful violation of this Court's orders.

35. At no point has Mr. Curcio, Attorney Klein, Attorney Bellis or Attorney Kratter reached out to undersigned to negotiate a protective order surrounding the QuickBooks files for the allegedly objectionable Majestic Management data. (¶24, *supra*, Ex. 2, 97:11-19).

36. The Court may exercise its power to call Mr. Curcio into Court as a possible contemnor to explain his conduct. Creditors were forced to expend additional resources and call Ms. Schede as a witness for a Rule 2004 Exam because Mr. Curcio stonewalled his Rule 2004 exam by attempting to invoke the shelter of the privilege against self-incrimination contained in the Fifth Amendment to the United States' Constitution. ECF 222-4 and ECF 222-5. Mr. Curcio has already been subjected to sanctions of a sort after he unilaterally ended the first portion of his Rule 2004 Exam by slamming his laptop shut, and he agreed to pay for the Court reporter's appearance fee for the second round because of his misconduct.

37. This Ch. 7 petition tests the dignity of the judicial system. Mr. Curcio in essence

employs Mr. Regensburger's individual financial identity as a shield for Mr. Curcio's

own liability.[3] Mr. Curcio thinks he runs this show, and has prevented Creditors from

learning of Mr. Regensburger's assets. Creditors have shown likely tax fraud,[4] likely

---

[3] Connecticut General Statutes §§ 31-71a, and 31-72 allows for owners of companies to be personally liable for wage and hour violations if they are involved in the violation. *Butler v. Hartford Technical Institute, Inc.*, 243 Conn. 454 (1997) held "that an individual personally can be liable as an employer pursuant to § 31–72, notwithstanding the fact that a corporation is also an employer of the claimant, if the individual is the ultimate responsible authority to set the hours of employment and to pay wages and is the specific cause of the wage violation." *Butler*, 243 Conn. at 463-464. By placing Mr. Regensburger as the figurehead for Keepers, Inc., Mr. Curcio not only skirted Connecticut liquor control regulations (FN 2, *supra*), but also state wage and hour laws. Instead of enjoying a judgment against Mr. Curcio, Creditors find themselves mired in this bankruptcy, chasing Mr. Curcio's human (and not corporate) alter ego.

[4] Mr. Regensburger has admitted to signing tax returns as owner of companies he did not own. For example, Mr. Regensburger testified that when the tax returns say he was 100 percent owner of Side Step, Inc., he was just a figurehead for Mr. Curcio. ECF 222-10, Rule 2004 transcript of Debtor Regensburger dated 2/9/22, 314:16-315:6. Mr. Curcio testified the opposite, that he did not own Side Step, Inc. (ECF 222-12, 15:16-20) and that Mr. Regensburger owned Side Step, Inc. (ECF 222-12, 17:9-12).

Mr. Regensburger testified that when the tax return for EJB Corporate Services, LLC, which is on his SOFA (ECF 63), said he owned 100 percent of the stock, in reality Mr. Curcio actually owned EJB Corporate Services, LLC. ECF 222-10, 293:24-294:19; 309:25-310:2. Mr. Regensburger has testified about other companies having this arrangement.

 • As to Pawn Pro, Inc., ECF 222-10 at 298:14-23; ECF 222-7 32:24-33-10; also ECF 222-10 at 298:14-23 and 310:6-7
 • As to Auto Sales and Service, Inc., ECF 222-2 at 44:11 – 45:3 and 46:10-12; ECF 222-10, 299:12-15
 • As to Long Brook Station, LLC, ECF 222-10 at 308:19-309:8; 309:16-24; 310:6-16; 311:23-312:3; and 313:6-17.

bankruptcy fraud[5] and likely perjury[6] as part of their discovery into Mr.

Regensburger's finances.

38. For these reasons, Creditors move for an order to show cause enter against Mr.

Curcio, Ms. Schede and Attorney Kratter.


Dated: September 2, 2022, at Hartford, Connecticut.

Respectfully Submitted,

BY: _____/s/_ *KENNETH J. KRAYESKE*
Kenneth J. Krayeske, Esq.
Counsel for Crystal Horrocks et al
Kenneth J. Krayeske Law Offices
255 Main Street, 5th Fl.
Hartford, CT 06016
(860) 995-5842
FAX: (860) 760-6590
Email: attorney@kenkrayeske.com
Federal Bar # CT28498

---

[5] Mr. Regensburger admitted that he did not own 500 North Avenue, LLC despite his signatures on tax returns saying he owned it. This means when he swore to this Court during the infamous 500 North Avenue, LLC bankruptcy (14-31094) that he in fact was the 100 percent equity security holder of 500 North Avenue, LLC, like in ECF 1 in the Ch. 11 petition, this was not true. ECF 222-10, 321:13-18.

> 13 Q Okay. But when it says you were 100 percent
> 14 owner of 500 North Avenue, LLC, on the Schedule G form,
> 15 you were just a figurehead. Correct?
> 16 A Correct.
> 17 Q And who were you a figurehead for?
> 18 A Gus Curcio.

[6] Undersigned is not sure where to start here as the record contains many instances of contradictory testimony, but as a beginning, Creditors point to FN 4 and FN 5, and ¶26, *supra*. Creditors can provide the Court additional detail as it requests in terms of likely perjury.

**UNITED STATES BANKRUPTCY COURT**
***DISTRICT OF CONNECTICUT***

_____
                                        :
IN RE                                   :        CHAPTER 7
                                        :
JOSEPH REGENSBURGER III                 :        CASE NO. 20-50868
            Debtor                      :
                                        :        SEPTEMBER 2, 2022
_____:

**<u>CERTIFICATION</u>**

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on September 2, 2022, a copy of the **Creditors' Motion for Order to Show Cause why Creditor Gus Curcio and Witness Cheryl Schede and Attorney Mark Kratter Should Not Be Held in Contempt and Suffer Sanctions** by Kenneth J. Krayeske Law Offices, Jacqueline Green, Dalynna Seoung, Crystal Horrocks, Yaritza Reyes, Zuleyma Lopez, Dina Coviello and Sugeily Ortiz was filed and served to all notice parties per operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

**1. Documents Served**
a. Creditors' Motion for Order to Show Cause why Creditor Gus Curcio and Witness Cheryl Schede and Attorney Mark Kratter Should Not Be Held in Contempt and Suffer Sanctions;
b. Exhibits 1-3;
c. Certification of Service;
d. Proposer Order

**2. Parties Served Via First Class Mail**

Joseph Regensburger
921 Valley Road
Fairfield, CT 06825

**3. Parties Served Via ECF**
• Matthew K. Beatman MBeatman@zeislaw.com, r48520@notify.bestcase.com
• Scott M. Charmoy scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com;charmoysr97992@notify.bestcase.com
• Richard M. Coan ct14@ecfcbis.com

• Office of the United States Trustee
• Mark Kratter, laws4ct@aol.com
• James M. Nugent jmn@quidproquo.com, talba@harlowadamsfriedman.com
• Linda St. Pierre bankruptcyecfmail@mccalla.com,
Linda.St.Pierre@mccalla.com;mccallaecf@ecf.courtdrive.com
• Stephen Bellis, srb@pellegrinolawfirm.com
• Jonathan Klein, jonathan.klein@parlatorelawgroup.com

Dated: Hartford, Connecticut
September 2, 2022


                                        Respectfully Submitted,


                                        BY:  ____/s/___ *KENNETH J. KRAYESKE*
                                        Kenneth J. Krayeske, Esq.
                                        Counsel for Crystal Horrocks et al
                                        Kenneth J. Krayeske Law Offices
                                        255 Main Street, 5th Fl.
                                        Hartford, CT 06016
                                        (860) 995-5842
                                        FAX: (860) 760-6590
                                        Email: attorney@kenkrayeske.com
                                        Federal Bar # CT28498

**UNITED STATES BANKRUPTCY COURT**
***DISTRICT OF CONNECTICUT***

_____
                                    :

IN RE                                  :        CHAPTER 7

                                      :

JOSEPH REGENSBURGER III          :        CASE NO. 20-50868

                    Debtor          :

                                      :        SEPTEMBER 2, 2022

_____:

**PROPOSED ORDER TO SHOW CAUSE**

        **WHEREAS**, on September 2, 2022, Creditors Crystal Horrocks, Sugeily Ortiz, Jacqueline Green, Dina Coviello, Yaritza Reyes, Zuleyma Lopez, Dalynna Seoung and Krayeske Law Offices (the "Creditors") in the above captioned matter filed the foregoing Motion for an Order to Show Cause; and

        **NOW, THEREFORE, IT IS HEREBY ORDERED** that the Creditor Gus Curcio, witness Cheryl Schede and Attorney Mark Kratter appear before this Court on _____ , 2022, at _____ AM/PM, at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, Connecticut, to show cause why Creditor Gus Curcio, witness Cheryl Schede and Attorney Mark Kratter should not be held in contempt and why sanctions should not issue for violating the Court's Order entered on June 21, 2022 (ECF 203) compelling the witness Cheryl Schede to produce digital files and documents prior to the Rule 2004 Examination as ordered.

**UNITED STATES BANKRUPTCY COURT**
*DISTRICT OF CONNECTICUT*

_____ :
                                        :
IN RE                                   :        CHAPTER 7
                                        :
JOSEPH REGENSBURGER III                 :        CASE NO. 20-50868
                    Debtor              :
                                        :        SEPTMEBER  2, 2022
_____ :

**NOTICE OF BAR DATE FOR FILING AN OBJECTION**

The undersigned has filed the following documents:

(1)    Motion to For Order to Show Cause As to Why Creditor Gus Curcio, Witness Cheryl Schede and Attorney Mark Kratter Should Not Be Held in Contempt and Suffer Sanctions with Exhibits; and

(2)    A Proposed Order associated therewith; and

(3)    A Certification of Service

A copy of each is attached to this Notice.

**IMPORTANT NOTICE:** Unless you *file* with the Clerk, and *serve* upon the

undersigned Movant, an objection to the referenced pleading *not later than* September

16, 2022, the Proposed Order may enter *without a hearing* or any further notice.

Respectfully Submitted,


BY: _____/s/__ *KENNETH J. KRAYESKE*
Kenneth J. Krayeske, Esq.
Counsel for Crystal Horrocks et al
Kenneth J. Krayeske Law Offices
255 Main Street, 5th Fl.

{00180415.1 }                          16

Hartford, CT 06016
(860) 995-5842
FAX: (860) 760-6590
Email: attorney@kenkrayeske.com
Federal Bar # CT28498