UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: | : Chapter 7 |
| JOSEPH REGENSBURGER III, | : Case No. 20-50868 |
| Debtor. | : September 16, 2022 |

OBJECTION OF GUS CURCIO, SR. TO CREDITORS' MOTION FOR ORDER TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN
<u>CONTEMPT AND SUFFER SANCTIONS</u>

I. <u>Factual Background</u>

On September 2, 2022, creditors Crystal Horrocks, Sugeily Ortiz, Jacqueline Green, Dina Coviello, Yaritza Reyes, Zuleyma Lopez and Dalynna Seoung (the "Creditors") moved (ECF No. 237) for an order to how cause why another creditor, Gus Curcio, Sr. ("Mr. Curcio"), Cheryl Schede (a non-party witness) and Ms. Schede's attorney, Mark Kratter[1], "should not be held in contempt of Court for failure to follow this Court's order in producing documents pursuant to the order granting a Rule 2004 examination of Cheryl Schede. (ECF #203)."   The motion speaks of civil contempt, but suggests that even criminal contempt ought to be considered as against Mr. Curcio. (ECF 237, Paragraph 33.)   Ms. Schede is a bookkeeper for Mr. Curcio.  In connection with the Rule 2004 examination of Ms. Schede, the Creditors served her with requests for production and a subpoena for a trove of documents, including Quickbooks digital files for 18 business entities affiliated with Mr. Curcio, and 12 years of balance sheets for four of those business entities.

---

[1] The Creditors withdrew the motion as against Attorney Kratter on September 6, 2022. (ECF 238.)

1

During her Rule 2004 examination, Ms. Schede testified: "I had asked him [Mr. Curcio] if I could print out balance sheets and P&Ls and the other information that you wanted.  He said, 'Not at this time.'  I asked him this morning, and he said, 'Not at this time'."  Ms. Schede also testified that "those files are not my files to make copies of, and that's how I feel, that I just can't go in there and make copies of something that does not belong to me."  (ECF 237, Paragraphs 20 and 21.)

The order of the Court authorizing the Rule 2004 examination of Ms. Schede (ECF 203) is not directed to Mr. Curcio.  The Creditors have not subpoenaed Mr. Curcio to produce the documents which it subpoenaed Ms. Schede to produce.

II. Argument

As a preliminary matter, the Creditors argue that Mr. Curcio could have and should have moved to quash the subpoena served on Ms. Schede, the non-party witness, but that he did not do so, implying that it is now too late to do so.  The Creditors are mistaken.  The subpoena for the records of the 18 business entities was neither directed to nor served on Mr. Curcio.  As such, Mr. Curcio did not have standing to move to quash the non-party subpoena.

" 'A party ordinarily lacks standing to quash a subpoena directed at a non-party unless the party is seeking to protect a personal privilege or right.  If a party moves to quash a subpoena directed at a nonparty, the claim of privilege or right must be personal to the movant, not the nonparty the subpoena was served on.'  Strike 3 Holdings, LLC v. Doe, 337 F.Supp.3d 246, 251–52 (W.D.N.Y. 2018) (citation and quotation marks omitted); see also Weinstein v. University of Conn., No. 3:11-CV-1906

(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) ('[n]umerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.')." Kiczuk v. United States, No. 3:21-CV-707 (KAD), 2022 WL 100158, at *2 (D. Conn. Jan. 11, 2022).

> When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty. In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. If, however, a party claims a personal right or privilege regarding the production or testimony sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena.
>
> 9 James Wm. Moore et al., Moore's Federal Practice § 45.50[3] (3d ed. 2017). Thus, as an exception to the general rule, a party has standing to move to quash a subpoena directed at a nonparty where the party seeks to enforce a claim of privilege or personal right. See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." (citation omitted) ); Estate of Ungar v. Palestinian Auth., 332 Fed.Appx. 643, 645 (2d Cir. 2009) (same)(collecting authorities). See also Solow v. Conseco, Inc., No. 06-CV-5988(BSJ), 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) ("[I]t is well-established that a party with a real interest in the [subpoenaed] documents has standing to raise objections to their production.").
>
> "Thus, "[t]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoenas was served." United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (quotation marks and citation omitted).

United States Reg'l Econ. Dev. Auth., LLC v. Matthews, No. 3:16-CV-01093 (CSH), 2018 WL 2172713, at *7–8 (D. Conn. May 10, 2018). See also, Jacobs v. Connecticut Community Technical Colleges, 258 F.R.D. 192, 194–95 (D.Conn. 2009).

With respect to the Creditors' assertion that Mr. Curcio is in contempt of court, " 'The statutory contempt powers given to a bankruptcy court under [11 U.S.C.] § 105(a) complement the inherent powers of a federal court to enforce its own orders.' In re Kalikow, 602 F.3d at 96 (citing Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). '[B]ecause of their very potency, inherent powers must be exercised with restraint and discretion.' In re Kalikow, 602 F.3d at 97 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). 'The party seeking to hold another in civil contempt has the burden of establishing a willful violation, which it must show "by clear and convincing evidence." ' In re TS Empl., Inc., 597 B.R. 494, 536 (Bankr. S.D.N.Y. 2019) (citing In re Manchanda, 2016 WL 3034693, at *4 (Bankr. S.D.N.Y. May 19, 2016))." In re Speer, 618 B.R. 380, 387 (Bankr. D. Conn. 2020). The Creditors have utterly failed to prove by clear and convincing evidence that Mr. Curcio willfully violated any order of the Court or disobeyed a subpoena for the simple reason that since Mr. Curcio has not been ordered by the Court or subpoenaed to do or produce anything. That being the case, he cannot possibly be in contempt of court.

" 'Civil contempt sanctions may be fashioned to coerce compliance or to compensate a complainant for his actual losses, and are to be distinguished from criminal contempt sanctions which are intended to punish a contemnor or to vindicate a court's authority.' Stockschlaeder & McDonald v. Kittay (In re Stockbridge Funding Corp.), 158 B.R. 914, 918 (S.D.N.Y.1993). A court may hold a party in civil contempt for failure to comply with an order where (1) the order is clear and unambiguous, (2) proof

of noncompliance is clear and convincing, and (3) the party has not been reasonably diligent in attempting to accomplish what was ordered.  See EEOC v. Local 580, 925 F.2d 588, 594 (2d Cir.1991).  Additionally, in the case of a civil contempt, proof of the violation must be clear and convincing, and in a criminal contempt matter, the party must be proven guilty beyond a reasonable doubt.  See 11A Wright, Miller & Kane, Federal Practice and Procedure Civ.2d § 2960 (2d ed.1995)." In re Egbarin, 286 B.R. 45, 47–48 (Bankr. D. Conn. 2002).

      In this case, none of the three elements of civil contempt are present.  Mr. Curcio has not been commanded by the subpoena directed to Ms. Schede to produce anything.  Moreover, since the Court has not ordered Mr. Curcio to do anything, the Court's authority has not been flouted by Mr. Curcio and requires no vindication by way of criminal contempt.  It is inherently impossible for a person to be in non-compliance with an order or a subpoena which has not been issued or directed to that person.  A person cannot be coerced by an order of contempt to comply with a subpoena which is directed to someone else.  In other words, with respect to the subpoena issued by the Creditors to Ms. Schede, Mr. Curcio is not and cannot be a contemnor.  Compliance with a subpoena which has not been issued to Mr. Curcio cannot be coerced by civil contempt.

      Under these circumstances, the Creditor's motion as against Mr. Curcio is not only baseless, it is frivolous.  Accordingly, Mr. Curcio respectfully submits that it ought to be denied.

          The Creditor, GUS CURCIO, SR.

by:   /s/  Jonathan J. Klein
      Jonathan J. Klein (ct00513)
      Parlatore Law Group, LLP
      1057 Broad Street, Suite 403
      Bridgeport, Connecticut  06604
      Phone:  (203) 330-1900
      Fax:  (212) 202-4787
      jonathan.klein@parlatorelawgroup.com
      His Attorney

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Fed.R.Bankr.P. 2002 and 7004, the undersigned certifies that on September 16, 2022, a copy of the Objection of Gus Curcio, Sr. to Creditors' Motion for Order to Show Cause Why He Should not be Held in Contempt and Suffer Sanctions was filed and served to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's system.  The undersigned further certifies that on September 16, 2022, he served a copy of the Objection via first class mail in accordance with the Order Limiting Service entered by the Court on June 21, 2022 (ECF 205), to:

    Holley L. Claiborn, Esq.
    Trial Attorney
    Office of the United States Trustee
    Giaimo Federal Building, Room 302
    150 Court Street
    New Haven, CT 06510
    holley.l.claiborn@usdoj.gov

        Counsel for the U.S. Trustee

Joseph Regensburger III
921 Valley Road
Fairfield, Connecticut  06825

    The Debtor

American Express National Bank
c/o Zwicker & Associates, P.C.
Attention:  President
P.O. Box 9043
Andover, Massachusetts  01810-1041

Synchrony Bank
c/o PRA Receivables Management, LLC
Attention:  President
P.O. Box 41021
Norfolk, Virginia  23541

    /s/  Jonathan J. Klein
    Jonathan J. Klein (ct00513)
    Parlatore Law Group, LLP
    1057 Broad Street, Suite 403
    Bridgeport, Connecticut  06604
    Phone:  (203) 330-1900
    Fax:  (212) 202-4787
    jonathan.klein@parlatorelawgroup.com