**UNITED STATES BANKRUPTCY COURT**
*DISTRICT OF CONNECTICUT*

_____
:
IN RE                                           :    CHAPTER 7
                                                :
JOSEPH REGENSBURGER III          :    CASE NO. 20-50868
         Debtor              :
                                                :    SEPTEMBER 21, 2022
_____:

# MOTION FOR ORDER TO SHOW CAUSE WHY GUS CURCIO AND SRKING 2, LLC SHOULD NOT BE HELD IN CONTEMPTS AND SUFFER SANCTIONS

Pursuant to Fed. R. Bankr. P. 2004(a) and L. Bankr. R. 2004-1, Attorney Kenneth J. Krayeske on behalf of creditors Crystal Horrocks, Sugeily Ortiz, Jacqueline Green, Dina Coviello, Yaritza Reyes, Zuleyma Lopez, Dalynna Seoung and Krayeske Law Offices (the "Creditors"), hereby move for this Court to issue an order to show cause why Creditor Gus Curcio and witness SRKING 2, LLC should not be held in contempt of Court for failure to follow this Court's order in producing documents pursuant to the order granting a Rule 2004 examination of SRKING 2, LLC. (ECF #232).

In support thereof, the Creditors represent:

## BACKGROUND

1. On October 12, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. The statutory predicate for the relief requested herein are Fed. R. Bankr. P. 2004 and

9016.

## RELIEF REQUESTED

4. Accordingly, the Creditors believe that an order to show cause is appropriate.

## BASIS FOR RELIEF REQUESTED

5. Pursuant to Rule 2004, Creditors moved for an examination of and production of documents from SRKING 2, LLC (ECF 215 and ECF 215-3, 7/12/2022; ECF 218, 7/13/2022). This Court granted Creditors an examination and requests for production of SRKING 2, LLC (ECF 232, 8/2/2022).

6. Pursuant to Rule 2004, Creditors moved for an examination of and production of documents from Shaun Moffatt, the owner of SRKING 2, LLC (ECF 214 and ECF 214-3, 7/12/2022; ECF 217, 7/13/2022). This Court granted Creditors an examination and requests for production of Mr. Moffatt (ECF 231, 8/2/2022).

7. The RFPs for Shaun Moffatt and SRKING 2, LLC were identical, and contained nine requests for documents concerning SRKING 2, LLC's business operations. These document searches sought corporate tax returns, operating agreements, proof of ownership and documents relating to a $26,094.07 check dated July 20, 2020 written out to debtor Joe Regensburger.

8. Bank records produced by Citizens Bank, N.A. in response to Rule 2004 exams of it demonstrated this $26,094.87 check appeared to be funded by monies from the United States Small Business Administration and the U.S. Department of the

Treasury.

9. SRKING 2, LLC drafted this check to Mr. Regensburger and he signed it, negotiated it and cashed it during the clawback period in this Chapter 7 petition.

10. Shaun Moffatt, the 100 percent owner of SRKING 2, LLC, appeared both individually and on behalf of his Connecticut limited liability company for the Rule 2004 examinations Friday, September 9, 2022 in Hartford, Connecticut at the 255 Main Street offices of undersigned counsel.

11. At the start of the individual examination, an individual identifying themselves as Cody Urban attempted to sit in on the examinations. Mr. Urban suggested he was there to provide emotional support for Mr. Moffatt.

12. Mr. Moffatt pled the Fifth when asked about this. A true and correct copy of the Rule 2004 Examination Transcript of Shaun Moffatt is attached herein as Exhibit 1. See 87:5-11.

13. Prior to the Rule 2004 Exam, undersigned explained to Mr. Urban that he was not allowed to sit in on the Rule 2004 examinations that day. He left the room.

14. Mr. Urban, also known as Tony Mack, is a violent felon convicted of violations of Connecticut General Statutes §53a-61, third degree assault; C.G.S. §53a-101(a)(2), first degree robbery and bodily injury and C.G.S. §53a-62, threatening, 2nd Degree. He received prison sentences on February 8, 2016 amounting to 17 years, suspended after seven years with five years of probation. A true and correct copy of

the conviction record from the Connecticut Judicial Branch website is attached as Exhibit 2.

15. Cody Urban is the son of Richard Urban, a known Curcio associate and, according to a newspaper article quoting attorney Steve Bellis, Richard Urban is a "hardworking, labor-union man." A true and correct copy of the December 18, 2013 Middletown Press story about Cody Urban's arrest is attached herein as Exhibit 3.

16. Richard Urban is listed by Mr. Regensburger as a creditor of this bankruptcy Estate.

17. During the individual examination, Mr. Moffatt testified that Cody Urban drove him because he cannot drive more than 45 minutes due to health concerns. Ex. 1, P17:23-18:25.

18. Mr. Moffatt testified he knew Cody Urban through his father Richard, and Mr. Urban provided other information about Cody Urban's presence in the office. Ex. 1, P19:1-20:16.

19. While Creditors appreciate Mr. Moffatt's need for transportation, Cody Urban's attempt to sit in the Rule 2004 examination strikes as either an attempt to intimidate undersigned or the witness or both[1], or an attempt by Gus Curcio to

---

[1] Undersigned received communication from two of his clients on Tuesday, September 6, 2022 that Randi England, another of Mr. Curcio's minions, had reached out to them by text and asked to speak with them on the phone because she did not want to text any further. Undersigned immediately sent an email to Attorneys Klein and Bellis asking them to stop such communication, as it seemed improper even if not prohibited, and not to engage in such communication again. Undersigned tires of these games and simply wants for him and his clients to get paid.

monitor the proceedings in real time. Cody Urban left the examination room when asked.

20. As to the individual examination, Mr. Moffatt largely sought the shelter of the right against self-incrimination as contained in the Fifth Amendment to the Constitution of the United States of America. Mr. Moffatt brought an index card (almost identical to the ones brought by Mr. Regensburger to his Rule 2004 exam in February (see ECF 185-1) as a Fifth Amended cue card. A true and correct copy of this index card from Mr. Moffatt's examination is attached as Exhibit 4.

21. At a certain point, Mr. Moffatt stopped answering any questions and pled the Fifth Amendment to all questions about the operations of SRKING 2, LLC and all other business dealings with Mr. Curcio and Mr. Regensburger. Ex. 1, starting at P21:12.

22. During the corporate examination, when SRKING 2, LLC, through its corporate representative, could not seek the shelter of the Fifth Amendment. A true and correct copy of the Rule 2004 Examination Transcript of SRKING 2, LLC is attached herein as Exhibit 5.

23. Mr. Moffatt, as corporate representative, explained he started SRKING 2, LLC as a jewelry business. Ex. 5, P6:25-7:9.

24. Mr. Moffatt abandoned the concept of a jewelry business between October 2014 and April 2015, within six months of him forming the business. Ex. 5, 9:22 – 10:7.

25. Mr. Moffatt, as corporate representative, could not explain SR KING 2, LLC's

relationship with EJB Corporate Services, LLC. Ex. 5, 7:10 – 8:5.

26. Majestic Management runs the business affairs of SRKING 2, LLC. Ex. 5, 8:6 – 9:2.

27. Majestic Management is Gus Curcio. Ex. 5, 9:3-4.

28. SRKING 2, LLC sent a corporate representative to the Rule 2004 Examination who was totally ignorant of how the business operated.

29. SRKING 2, LLC sent a corporate representative to the Rule 2004 Examination who could not remember or did not know fundamental parts of the business operation. For example, Mr. Moffatt could not recall is he ever opened a bank account at Citizens Bank for SRKING 2, LLC. Ex. 5, 11:12-18.

30. Mr. Moffatt, as corporate representative, did not know who caused SRKING 2, LLC to obtain an employer identification number from the Internal Revenue Service. Ex. 5, 13:2-8.

31. Mr. Moffatt, as corporate representative, had no understanding of the functioning or history of SRKING 2, LLC's checking account. Ex. 5, 13:9 – 16:11.

32. Mr. Moffatt, as corporate representative, could not explain the figures on the 2019 SRKING 2, LLC corporate tax return. Ex. 5, 16:12 – 19:21.

33. SRKING 2, LLC allowed Majestic Management to produce the documents pursuant to the subpoena and Rule 2004 examination ordered by this Court. Ex. 5, P20:16 – 21:4; 23:5-11; 30:15-25; 31:7 – 32:1; 34:12-24.

34. On behalf of SRKING 2, LLC, Mr. Moffatt explained he hand-delivered the subpoena

seeking SRKING 2, LLC documents to Mr. Curcio's office at 520B Success Avenue, Bridgeport, CT to a secretary there. Ex. 5, 25:11 – 26:23.

35. SRKING 2, LLC operates out 520B Success Avenue because Majestic Management operates out of the same location and Majestic is authorized to run SRKING 2, LLC. Ex. 5, 27:17 – 28:11.

36. Mr. Moffatt said he instructed Majestic Management, which he considers to be Gus Curcio, to perform the searches for all documents sought in the SRKING 2, LLC subpoena. Ex. 5, 21:1-4; 23:5-8; 23:19 – 24:10; 25: 2-6; 30:22-25; 31:7-16; 33:14-20; 34:12-20.

37. Mr. Moffatt did not know from what fax number sent undersigned the documents responsive to the subpoena and Rule 2004 order was. EX. 5, 21:5-10.

38. Mr. Moffatt, despite owning SRKING 2, LLC, did not actually participate in the production of documents pursuant to the subpoena and Rule 2004 exam order other than to deliver the requests for production to Mr. Curcio's office.

39. Mr. Moffatt did not know if his company, SRKING 2, LLC had filed federal tax returns for 2021 yet, but Mr. Moffatt imagined Mr. Curcio would have that information. Ex. 5, 22:9-18.

40. The handwriting responding to the requests for production for SRKING 2, LLC is not Mr. Moffatt's. Ex. 5, 23:16-18; 29:6-8; 33:21-24; 34:25-35:2. A true and correct copy of the handwritten responses to the SRKING 2, LLC RFPs are attached as Exhibit 6.

41. Mr. Moffatt found out from the Connecticut Post that Citizens Bank had shut down SRKING 2, LLC's bank account. Ex. 5, 29:12-18.

42. Mr. Moffatt could not identify how or why SRKING 2, LLC had $17,500 pass through its bank account in May 2020. Ex. 5, 40:18 – 41:1.

43. Mr. Moffatt testified he did not know what SRKING 2, LLC did to merit funding from the Small Business Administration for loan or grant, and he did not know when SRKING 2, LLC applied for these monies and he did not know what this $61,400 was used for. Ex. 5, 43:7 – 44:25.

44. Mr. Moffatt did not know why SRKING 2, LLC gave a check to Mr. Regensburger for $26,086.87[2]. Ex. 5, 51:13-15; 53:3 – 54:10; 59:19-21.

45. Mr. Moffatt understood that someone applied a rubber stamp of his signature to this check for Mr. Regensburger, and that Majestic Management has had a rubber stamp of Mr. Moffatt's signature for an unknown number of years, at least five. Ex. 5, 51:16 – 52:10.

46. Mr. Curcio is the ultimate authority at Majestic Management and the ultimate authority at Majestic Management regarding the management of SRKING 2, LLC. Ex. 5, 53:9-15.

47. Mr. Moffatt did not understand what a UCC-1 filing statement was, what the consequences of such a UCC-1 lien were for SRKING 2, LLC or why the Small Business

---

[2] Creditors filed this check with the Court at ECF 214-2 and ECF 215-2.

      Administration filed a UCC-1 lien against SRKING 2, LLC in July 2020. Ex. 5, 55:6 – 57:17.

48. A true and correct copy of the SBA UCC-1 lien filed against SRKING 2, LLC is attached herein as Exhibit 7.

49. During the examination, it became clear that the following RFPs had outstanding production, specifically:

    a. RFP #1, the 2021 federal tax return for SRKING 2, LLC.

    b. RFP #2, all documents supporting the reasons why SRKING 2, LLC paid $26,094.87 to Mr. Joe Regensburger on July 20, 2020[3].

    c. RFP #7, All documents SRKING 2, LLC submitted to the Small Business Administration to receive a payment of $60,400[4].

    d. RFP #8, All correspondence SRKING 2, LLC has received from the Small Business Administration related to the $60,400 payment from the Small Business Administration.

50. SRKING 2, LLC and Mr. Curcio have violated this Court's order for production of digital files and paper documents.

---

[3] A scrivener's error in the RFP indicates it was for July 20, 2022, but Majestic Management apparently understood the error and answered anyways.

[4] The amount from the SBA should have read $61,400, but again, Majestic Management apparently understood the error and answered anyways.

**The Court Should Issue an Order to Show Cause Why Contempt Should Not Issue**

51. Pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. Rule 9016 and Fed. R. Civ. P. 45(b) and 45(g), this Court has the power to issue an order to show cause and to hold witnesses and creditors in contempt for willful violation of this Court's order.

52. "Under Rule 45(b), a motion to quash a subpoena must be made 'at or before the time specified in the subpoena for compliance therewith . . . .'" *In re Ecam Publications, Inc.*, 131 B.R. 556, 558 (Bankr. S.D.N.Y. 1991).

53. This is identical to the situation Creditors have presented to this Court in the Motion for Order to Show Cause against Cheryl Schede and Gus Curcio. ECF #237, 9/2/2022. There, Ms. Schede failed to produce records pursuant to the subpoena and Rule 2004 examination order because Mr. Curcio provided some documents to her but refused to provide other documents to her. There, Creditors were led to believe that Ms. Schede could produce these of her own accord.

54. Here, Creditors found assets like this $26,094.87 check made out to and cashed by Joe Regensburger during the clawback period. Creditors moved for and obtained a proper examination of SRKING 2, LLC, the company which cut him the check. Upon examination, testimony from the corporate representative of SRKING 2, LLC demonstrates it is yet another Gus Curcio front.

55. All roads in this case lead back to Gus Curcio. He controls much of the information about Mr. Regensburger's finances. He controls the information given to Cheryl

Schede. He controls the information about SRKING 2, LLC and the $26,094.87 check written to Mr. Regensburger. Mr. Curcio has refused to provide the Creditors with the information they seek despite this Court's orders.

56. Mr. Curcio had the opportunity to object to the production of these records, as Mr. Curcio is a creditor and, at the risk of repeating the Schede motion for order to show cause, Mr. Curcio has two lawyers (Bellis and Klein) on his regular payroll who have appearances here – but Mr. Curcio failed to object to the motion for a Rule 2004 examination of SRKING 2, LLC. He cannot now object to the contents of the subpoena, yet testimony indicates he and his minions prepared the responses for the requests for production contained in the subpoena and Rule 2004 exam order.

57. Mr. Curcio, as the real party in interest for SRKING 2, LLC, knew that Mr. Moffatt would not be able to answer the Creditors' questions for this Rule 2004 exam. Rather than appearing himself for the Rule 2004 exam, as Mr. Curcio did with Side Step, Inc. (where he claimed to appear as the representative of Majestic Management for Side Step, Inc.), Mr. Curcio allowed and perhaps instructed Mr. Moffatt to testify on behalf of SRKING 2, LLC.

58. Mr. Curcio knew that Mr. Moffatt's ignorance would be a stonewall against discovery in this bankruptcy.

59. SRKING 2, LLC, as managed by Majestic Management and Mr. Curcio, should have sent a different corporate representative to testify. Instead, SRKING 2, LLC sent a

front man, Mr. Moffatt, to a Rule 2004 examination, knowing that Mr. Moffatt was wholly and completely ignorant of the particulars of the $26,094.87 payment to Debtor Regensburger that led to this exam.

60. This is contempt and willful and knowing violation of this Court's orders. SRKING 2, LLC should be made to send a representative who can knowingly discuss this payment.[5]

61. Failing to follow a Bankruptcy Court's Rule 2004 orders is contemnable. *In re Jones*, Docket No. 21-01695-swd, 2022 Bankr. LEXIS 246 (Bankr. W.D. Mich. Jan. 26, 2022). The United States Bankruptcy Court in this District has no problem issuing contempt orders when appropriate. *Hand Crafted Brands, LLC* v. *Hughes (In re Hughes)*, Docket Nos. 19-31125 (AMN), 21-03003, 2022 Bankr. LEXIS 170 (Bankr. D. Conn. Jan. 25, 2022).

62. As part of this Motion for Order to Show Cause, Creditors Horrocks et al seek an order of restitution for this contempt, including the court reporter's fees for the second round of the 2004 Exam of SRKING 2, LLC and for the attorneys' fees for

---

[5] Problematically, if SR KING 2, LLC sends Mr. Curcio, the Rule 2004 exam will read much like the Side Step, Inc. Rule 2004 exam, where Mr. Curcio stonewalled or simply lied. Mr. Regensburger testified that when the tax returns say he was 100 percent owner of Side Step, Inc., he was just a figurehead for Mr. Curcio. ECF 222-10, 2/9/22, 314:16-315:6. Mr. Curcio testified the opposite, that he did not own Side Step, Inc. (ECF 222-12, 15:16-20) and that Mr. Regensburger owned Side Step, Inc. (ECF 222-12, 17:9-12). Given the testimony before this Court about Mr. Moffatt's role in SR KING 2, LLC and Mr. Moffatt's rubber stamp signature, Mr. Regensburger's testimony about Side Step, Inc. has more credibility than Mr. Curcio's.

drafting this motion for order to show cause and any court appearances that may arise in connection with the prosecution of this motion for order to show cause.

63. The Court, however, may choose to draw the line further against Mr. Curcio, and consider criminal contempt against him.

> Civil contempt has as its aim the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right (*State of New York v. Unique Ideas*, 44 N.Y.2d 345, 405 N.Y.S.2d 656, 376 N.E.2d 1301). Criminal contempt, on the other hand, involves vindication of an offense against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates (*King v. Barnes*, 113 N.Y. 476, 21 N.E. 182). Inasmuch as the objective is deterrence of disobedience of judicial mandates, the penalty imposed is punitive in nature (*State of New York v. Unique Ideas, supra*). Although the line between the two types of contempt may be difficult to draw in a given case, and the same act may be punishable as both a civil and a criminal contempt, the element which serves to elevate a contempt from civil to criminal is the level of willfulness with which the conduct is carried out (compare Judiciary Law, § 753, subd. A, par. 3 [civil contempt], with *id.*, § 750, subd. A, par. 3 [criminal contempt]; see, e.g., *Sentry Armored Courier Corp. v. New York City Off-Track Betting Corp.*, 75 A.D.2d 344, 429 N.Y.S.2d 902). *McCormick v. Axelrod*, 59 N.Y.2d 574, 453 N.E.2d 508, 512, 466 N.Y.S.2d 279 (N.Y.), *amended by*, 454 N.E.2d 1314, 60 N.Y.2d 652, 467 N.Y.S.2d 571 (N.Y. 1983); *accord McCain v. Dinkins*, 84 N.Y.2d 216, 639 N.E.2d 1132, 1137, 616 N.Y.S.2d 335 (N.Y. 1994).

*In re White*, 478 B.R. 177, 181-82 (Bankr. S.D.N.Y. 2012)

64. Mr. Moffatt's testimony on behalf of SRKING 2, LLC implicated Mr. Curcio as purposefully thwarting the production of documents relative to this subpoena and Rule 2004 exam. Mr. Curcio produced the documents and faxed them to

undersigned. Mr. Curcio, this time on behalf of SRKING 2, LLC, orchestrated a willful violation of this Court's orders.

65. At no point has Mr. Curcio, Attorney Klein, or Attorney Bellis reached out to undersigned to negotiate a protective order surrounding the SRKING 2, LLC information.

66. Majestic Management is one of the companies Mr. Curcio and Ms. Schede refused to produce digital files for in Creditors' first motion for order to show cause. ECF 237, ¶17a, P4 of 17.

67. This is a clear pattern of behavior by Mr. Curcio, a Creditor of this bankruptcy estate, to hinder and thwart discovery to obfuscate the financial picture of the Debtor.

68. Again at the risk of repeating portions of the Motion for Order to Show Cause against Curcio and Schede, Creditors again represent that the Court may exercise its power to call Mr. Curcio into Court as a possible contemnor to explain his conduct. Creditors were forced to expend additional resources and call SRKING 2, LLC as a witness for a Rule 2004 Exam because Mr. Curcio stonewalled his Rule 2004 exam by attempting to invoke the shelter of the privilege against self-incrimination contained in the Fifth Amendment to the United States' Constitution. ECF 222-4 and ECF 222-5. Mr. Curcio has already been subjected to sanctions of a sort after he unilaterally ended the first portion of his Rule 2004 Exam by slamming his laptop shut, and he

agreed to pay for the Court reporter's appearance fee for the second round because of his misconduct.

69. This Ch. 7 petition tests the dignity of the judicial system. Mr. Curcio in essence employs Mr. Regensburger's individual financial identity as a shield for Mr. Curcio's own liability.[6] Mr. Curcio thinks he runs this show, and has prevented Creditors from learning of Mr. Regensburger's assets. Creditors have shown likely tax fraud,[7] likely

---

[6] Connecticut General Statutes §§ 31-71a, and 31-72 allows for owners of companies to be personally liable for wage and hour violations if they are involved in the violation. *Butler v. Hartford Technical Institute, Inc.*, 243 Conn. 454 (1997) held "that an individual personally can be liable as an employer pursuant to § 31–72, notwithstanding the fact that a corporation is also an employer of the claimant, if the individual is the ultimate responsible authority to set the hours of employment and to pay wages and is the specific cause of the wage violation." *Butler*, 243 Conn. at 463-464. By placing Mr. Regensburger as the figurehead for Keepers, Inc., Mr. Curcio not only skirted Connecticut liquor control regulations (FN 2, *supra*), but also state wage and hour laws. Instead of enjoying a judgment against Mr. Curcio, Creditors find themselves mired in this bankruptcy, chasing Mr. Curcio's human (and not corporate) alter ego.

[7] Mr. Regensburger has admitted to signing tax returns as owner of companies he did not own.

Mr. Regensburger testified that when the tax return for EJB Corporate Services, LLC, which is on his SOFA (ECF 63), said he owned 100 percent of the stock, in reality Mr. Curcio actually owned EJB Corporate Services, LLC. ECF 222-10, 293:24-294:19; 309:25-310:2. Mr. Regensburger has testified about other companies having this arrangement.
- As to Pawn Pro, Inc., ECF 222-10 at 298:14-23; ECF 222-7 32:24-33-10; also ECF 222-10 at 298:14-23 and 310:6-7
- As to Auto Sales and Service, Inc., ECF 222-2 at 44:11 – 45:3 and 46:10-12; ECF 222-10, 299:12-15
- As to Long Brook Station, LLC, ECF 222-10 at 308:19-309:8; 309:16-24; 310:6-16; 311:23-312:3; and 313:6-17.

bankruptcy fraud[8] and likely perjury[9] as part of their discovery into Mr. Regensburger's finances.

70. For these reasons, Creditors move for an order to show cause enter against Mr. Curcio and SRKING 2, LLC.

Dated: September 21, 2022, at Hartford, Connecticut.

Respectfully Submitted,

BY:      /s/    KENNETH J. KRAYESKE
Kenneth J. Krayeske, Esq.
Counsel for Crystal Horrocks et al
Kenneth J. Krayeske Law Offices
255 Main Street, 5th Fl.
Hartford, CT 06016
(860) 995-5842
FAX: (860) 760-6590
Email: attorney@kenkrayeske.com
Federal Bar # CT28498

---

[8] Mr. Regensburger admitted that he did not own 500 North Avenue, LLC despite his signatures on tax returns saying he owned it. This means when he swore to this Court during the infamous 500 North Avenue, LLC bankruptcy (14-31094) that he in fact was the 100 percent equity security holder of 500 North Avenue, LLC, like in ECF 1 in the Ch. 11 petition, this was not true. ECF 222-10, 321:13-18.

    13 Q Okay. But when it says you were 100 percent
    14 owner of 500 North Avenue, LLC, on the Schedule G form,
    15 you were just a figurehead. Correct?
    16 A Correct.
    17 Q And who were you a figurehead for?
    18 A Gus Curcio.

[9] Undersigned is not sure where to start here as the record contains many instances of contradictory testimony, but as a beginning, Creditors point to FN 4 and FN 5, and ¶26, *supra*. Creditors can provide the Court additional detail as it requests in terms of likely perjury.

**UNITED STATES BANKRUPTCY COURT**
*DISTRICT OF CONNECTICUT*

_____
:
IN RE                                                   :        CHAPTER 7
:
JOSEPH REGENSBURGER III          :        CASE NO. 20-50868
         Debtor                       :
:        SEPTEMBER 21, 2022
_____:

**CERTIFICATION**

   In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on September 21, 2022, a copy of the **Creditors' Motion for Order to Show Cause why Creditor Gus Curcio and Witness SRKING 2, LLC and Should Not Be Held in Contempt and Suffer Sanctions** by Kenneth J. Krayeske Law Offices, Jacqueline Green, Dalynna Seoung, Crystal Horrocks, Yaritza Reyes, Zuleyma Lopez, Dina Coviello and Sugeily Ortiz was filed and served to all notice parties per operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

**1. Documents Served**
a. Creditors' Motion for Order to Show Cause why Creditor Gus Curcio and Witness SRKING 2, LLC Should Not Be Held in Contempt and Suffer Sanctions;
b. Exhibits 1-7;
c. Certification of Service;
d. Proposer Order

**2. Parties Served Via First Class Mail**

Joseph Regensburger
921 Valley Road
Fairfield, CT 06825

**3. Parties Served Via ECF**
• Matthew K. Beatman MBeatman@zeislaw.com, r48520@notify.bestcase.com
• Scott M. Charmoy scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com;charmoysr97992@notify.bestcase.com
• Richard M. Coan ct14@ecfcbis.com
• Office of the United States Trustee

- Mark Kratter, laws4ct@aol.com
- James M. Nugent jmn@quidproquo.com, talba@harlowadamsfriedman.com
- Linda St. Pierre bankruptcyecfmail@mccalla.com, Linda.St.Pierre@mccalla.com;mccallaecf@ecf.courtdrive.com
- Stephen Bellis, srb@pellegrinolawfirm.com
- Jonathan Klein, jonathan.klein@parlatorelawgroup.com

Dated: Hartford, Connecticut
September 21, 2022

                Respectfully Submitted,

BY: _____/s/__*KENNETH J. KRAYESKE*
Kenneth J. Krayeske, Esq.
Counsel for Crystal Horrocks et al
Kenneth J. Krayeske Law Offices
255 Main Street, 5th Fl.
Hartford, CT 06016
(860) 995-5842
FAX: (860) 760-6590
Email: attorney@kenkrayeske.com
Federal Bar # CT28498

**UNITED STATES BANKRUPTCY COURT**
*DISTRICT OF CONNECTICUT*

_____
:
IN RE                                              :        CHAPTER 7
                                                        :
JOSEPH REGENSBURGER III        :        CASE NO. 20-50868
      Debtor                         :
                                                        :        SEPTEMBER 21, 2022
_____:

**PROPOSED ORDER TO SHOW CAUSE**

**WHEREAS**, on September 21, 2022, Creditors Crystal Horrocks, Sugeily Ortiz, Jacqueline Green, Dina Coviello, Yaritza Reyes, Zuleyma Lopez, Dalynna Seoung and Krayeske Law Offices (the "Creditors") in the above captioned matter filed the foregoing Motion for an Order to Show Cause; and

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Creditor Gus Curcio and witness SRKING 2, LLC appear before this Court on _____ , 2022, at _____ AM/PM, at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, Connecticut, to show cause why Creditor Gus Curcio, witness SRKING 2, LLC should not be held in contempt and why sanctions should not issue for violating the Court's Order entered on August 2, 2022 (ECF 232) compelling the witness SRKING 2, LLC to produce documents prior to the Rule 2004 Examination as ordered.